IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20 CR 76

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| JOE LINDSEY TAYLOR, III ) | |
| a/k/a "Yosef Hakiem Bey" ) | |
| ) | |

This matter is before the Court on a Motion for Inquiry into Status of Counsel (Doc. 13) filed by defense counsel. A hearing on the Motion was conducted on November 13, 2020. The undersigned took the matter under advisement. This Order now follows.

I. Prior Issues Related to Counsel[1]

On August 4, 2020, a Bill of Indictment was filed charging Defendant with a single count of violating 18 U.S.C. §922(g)(1).

Defendant made his initial appearance before the undersigned on August 31, 2020. Assistant United States Attorney Daniel Bradley appeared for the Government and Assistant Federal Public Defender Emily Jones appeared with Defendant. Defendant did not complete a financial affidavit and stated that he wished to represent himself. The Court asked numerous questions of Defendant concerning his potential waiver of his right to counsel.

---

[1] Additional detail appears in the undersigned's Order of September 2, 2020 (Doc. 8).

Upon completion of that process and after giving Defendant the opportunity to confer with Ms. Jones, Defendant's waiver was accepted. The Court, however, and over Defendant's objection, directed that the Federal Defender's Office assign standby counsel for Defendant. Assistant Federal Public Defender Mary Ellen Coleman was assigned as Defendant's standby counsel.

On September 2, 2020, the matter came before the Court for arraignment and a hearing on the Government's motion for detention, with Mr. Bradley appearing for the Government and Ms. Coleman appearing with Defendant as standby counsel. Before the Court addressed arraignment and detention, the undersigned again advised Defendant of his right to remain silent and his rights regarding counsel. The undersigned also again questioned Defendant to determine whether he wished to continue appearing *pro se*. During that colloquy, Defendant stated that he did then wish to be represented. Defendant was given an opportunity to confer with Ms. Coleman, who subsequently presented a financial affidavit on Defendant's behalf and confirmed that he did seek appointed counsel. Defendant's request for counsel was granted and Ms. Coleman was appointed to appear for Defendant.

## II. The Instant Motion and Hearing

On November 9, 2020, Ms. Coleman filed the instant Motion for Inquiry into Status of Counsel, which explains that Defendant now, again, seeks to represent himself and has asked defense counsel to file a motion to withdraw.

To the extent the Motion sought a hearing on the issue of counsel, the Motion was granted by text order and a hearing was held on November 13, 2020. Mr. Bradley once again appeared for the Government and Ms. Coleman appeared with Defendant.

Ms. Coleman advised that she was requesting, at Defendant's direction, leave to withdraw from the case, though was prepared to continue to appear as standby counsel. Initially, the Government took no position regarding the Motion. At the request of defense counsel, and without objection from the Government, the courtroom and the record were sealed so that the Court could hear from Defendant.[2]

Defendant made a brief opening statement, including what appeared to be a challenge to the Court's jurisdiction. Defendant also, upon inquiry by the Court, stated that he did wish to represent himself and was confident in his ability to do so. Defendant acknowledged understanding that persons who may hold a power of attorney for Defendant cannot act on his behalf as would a licensed attorney at law. Ms. Coleman advised that she did not have any concerns regarding Defendant's mental competency.

The courtroom and the record were then unsealed. The undersigned held the Motion open and directed Defendant and Ms. Coleman to confer further about these matters.

---

[2] Matters raised during the sealed portion of the hearing are referenced in this Order only to the extent they do not appear to implicate privilege or other confidentiality concerns and are necessary for the memorialization of the Court's ruling.

Subsequently that morning, the case was re-called and the Court was advised by Ms. Coleman that she and Defendant had spoken further, that Defendant remained adamant that he wished to represent himself, and that he would not actively cooperate with representation by Ms. Coleman. The Court, as it had during Defendant's initial appearance and arraignment, asked numerous questions of Defendant regarding his request to proceed *pro se*. Defendant answered many of the Court's questions but stated that he "pled the Fifth" with regard to other questions. During this discussion, Defendant was again advised of the charge pending against him and the maximum possible penalties he could be facing if he were to be convicted.

Following these questions, the Court inquired as to whether either counsel had any concerns. The Government expressed concern, having heard Defendant's responses to the Court's questions, whether it was sufficiently clear in light of Defendant's refusal to answer certain questions that Defendant's waiver of counsel was knowing and voluntary, and therefore asked the Court to deny the Motion. The Government, however, supported the appointment of standby counsel if the Motion were granted. Ms. Coleman argued that Defendant had made his wishes known clearly and asked that the Motion be allowed.

To the extent Defendant's statements during the closed proceeding were intended to be motions, the Court orally denied those requests and took the Motion itself under advisement.

## III. Discussion

The Sixth Amendment "grants to the accused personally the right to make his defense." Faretta v. California, 422 U.S. 806, 819 (1975). "A trial court evaluating a defendant's request to represent himself must 'traverse ... a thin line' between improperly allowing the defendant to proceed *pro se,* thereby violating his right to counsel, and improperly having the defendant proceed with counsel, thereby violating his right to self-representation." Fields v. Murray, 49 F.3d 1024, 1029 (4th Cir. 1995)(quoting Cross v. United States, 893 F.2d 1287, 1290 (11th Cir.), *cert. denied,* 498 U.S. 849, 111 S.Ct. 138, 112 L.Ed.2d 105 (1990)). "Because an exercise of the right of self-representation necessarily entails a waiver of the right to counsel—a defendant obviously cannot enjoy both rights at trial—the exercise of the right of self-representation must be evaluated by using many of the same criteria that are applied to determine whether a defendant has waived the right to counsel. An assertion of the right of self-representation therefore must be (1) clear and unequivocal; (2) knowing, intelligent and voluntary; and (3) timely." United States v. Frazier-El, 204 F.3d 553, 558 (4th Cir. 2000)(internal citations omitted).

In this case, Defendant has taken different positions concerning self-representation at his initial appearance, his arraignment, and now in connection with the Motion. However, at both his initial appearance and at the instant hearing, Defendant was clear and unequivocal about his desire to represent himself. Although Defendant did change his position at his

arraignment and request counsel, he has otherwise remained focused on representing himself. That is, Defendant has twice, including at the recent hearing, clearly and unequivocally asserted his right to self-representation.

Defendant's decision also appears to be knowing, intelligent, and voluntary. He has been advised multiple times by the Court about the disadvantages of representing himself. Defendant's refusal to answer certain questions during the Motion hearing, such as whether he was familiar with applicable court rules, on Fifth Amendment grounds gives the Court some pause, as does Defendant's statement appearing to challenge the Court's jurisdiction. However, Defendant previously answered similar questions at his prior appearances. Further, having observed Defendant in open court on multiple occasions, it appears that Defendant understands the proceedings and is choosing to represent himself, notwithstanding the potential dangers of doing so and notwithstanding the Court's recommendation that he not attempt this course of action. He has also had the opportunity to confer with counsel from the Federal Defender's Office at each stage of the proceedings. As noted in that regard, he has been represented by Ms. Coleman since his arraignment and was instructed to confer with her specifically prior to the conclusion of the hearing on the Motion.

As Defendant's case is set for the December 7, 2020 trial docket, Defendant's request is timely.[3]

---

[3] During the hearing, Ms. Coleman noted that the deadline for Defendant to file pre-trial motions is November 22.

Under these circumstances, the undersigned is satisfied that Defendant's waiver meets the applicable requirements.

With regard to standby counsel, in light of the history of this matter, and for the reasons discussed at the hearing, the undersigned finds that standby counsel should be appointed to assist Defendant or replace Defendant if it is later determined that Defendant can no longer be permitted to proceed *pro se*. The undersigned further concludes that Ms. Coleman should serve in that capacity.

**IT IS THEREFORE ORDERED THAT:**

1. The Motion for Inquiry into Status of Counsel (Doc. 13) is **GRANTED IN PART** as follows:

    a. Ms. Coleman is **WITHDRAWN** as primary counsel of record and Defendant's request to represent himself in this matter is **GRANTED**.

    b. Ms. Coleman is **APPOINTED** as standby counsel for Defendant and Defendant's objections to the contrary are **OVERRULED**.

2. To the extent that any of Defendant's statements during the hearing were intended to be motions that pertained to any matter other than the pending Motion, they are **DENIED WITHOUT PREJUDICE** since, at the time any such motions were made, Defendant was still represented by counsel. See LCrR 47.1(g). Should Defendant wish to make pre-trial motions, they should be submitted in the usual course

pursuant to the Federal Rules of Criminal Procedure and the Local Rules of this District.

Signed: November 17, 2020

W. Carleton Metcalf
United States Magistrate Judge