UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cr-76-MOC-WCM-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| JOE LINDSEY TAYLOR, | ) | |
| a/k/a Yousef Hakim Bey, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on a Pro Se Motion titled a Writ of Habeas corpus Ad Sujiciendum filed by defendant Joe Lindsey Taylor, who refers to himself as Yousef Hakim Bey. (Doc. No. 26).

Defendant is charged in a one-count indictment (Doc. No. 19) with violating Title 18, United States Code, Section 922(g)(1), commonly called possession of a firearm by a felon. On April 20, 2021, Defendant filed a what purports to be a "writ of habeas corpus ad subjiciendum" that seems to argue that he is "an aboriginal and indigenous Moorish American national of the Moroccan Empire" and is "being arbitrarily denationalized and deprived of my liberty."

This Court dismisses this incomprehensible, frivolous motion. This Court has jurisdiction over Defendant and this case. "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the United States." 18 U.S.C. § 3231. The firearms statute at issue here reads in relevant part, "[i]t shall be unlawful for any *person* who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year…to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition[.]' 18 U.S.C. § 922(g)(1) (emphasis added).

Defendant is a person under statute. "In determining the meaning of any Act of Congress, unless the context indicates otherwise…the words "person" and "whoever" include corporations, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals[.]" 1 U.S.C. § 1 (emphasis added).

Defendant is plainly an individual and thus falls within the scope of the firearm-by-a-felon statute. He has previously appeared at hearings before this Court. For example, on December 2, 2020, he was arraigned and entered a not guilty plea. Physical presence in the United States usually supplies the only prerequisite for personal jurisdiction in a federal criminal prosecution. See United States v. Wilson, 721 F.2d 967, 972 (4th Cir.1983). Thus, this Court has both personal jurisdiction and, by virtue of 18 U.S.C. § 3231, subject matter jurisdiction over this defendant.

Of course, this Court also has jurisdiction over those who claim to be non- citizens. "Laws of the United States apply to all persons within its borders. Even if [the defendant] were not a citizen of the United States…he would be obliged to respect the laws of this nation." United States v. James, 328 F.3d 953 (7th Cir. 2003). Famously, non-citizen defendants like Manuel Noriega and Zacarias Moussaoui have been prosecuted in the courts of the United States. There are even laws regularly prosecuted in this Court that are only prosecuted against non-citizens, such as immigration offenses. "[A]ny alien who has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter enters, attempts to enter, or is at any time found, in the United States…shall be fined under title 18, or imprisoned not more than 2 years, or both." 8 U.S.C. § 1326(a).

To be sure, there are exemptions from the general criminal laws of the United States. For example, under the Vienna Convention on Diplomatic Relations, signed by the United States and other countries in 1961, "[a] diplomatic agent shall enjoy immunity from the criminal jurisdiction of the receiving State." Vienna Convention, art. 31, ¶ 1, available on Westlaw at 1972 WL 122692.

However, there is no known legal authority that provides such immunity to any of the various entities mentioned in the defendant's documents, including the "Moroccan Empire" or the "Moorish National Republic Federal Government." Defendant presents no evidence of diplomatic status.

Courts regularly dismiss claims like that made by the defendant here. See, e.g., Allah El v. District Attorney, No. 09-CV-8746 (GBD), 2009 WL 3756331 (S.D.N.Y. 2009) ("Petitioner's purported status as a Moorish-American citizen does not enable him to violate state and federal laws without consequence."); Smith ex rel. Bey v. Kelly, No. 12-CV-2319 JS AKT, 2012 WL 1898944 (E.D.N.Y. 2012) ("The law is clear that Moorish Americans, like all citizens of the United States, are subject to the laws of the jurisdiction in which they reside."); El-Bey v. North Carolina, No. 5:11-CV-00423-FL, 2012 WL 368374 (E.D.N.C. 2012) ([A]ny claim based on the contention that Plaintiffs are not subject to the laws of North Carolina because of their alleged Moorish nationality and the Treaty of Peace and Friendship of 1787 is frivolous."). This motion merits no better fate and is denied.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's Writ of Habeas Corpus Ad Subjiciendum, (Doc. No. 26) is **DENIED** as frivolous.

Signed: June 2, 2021

Max O. Cogburn Jr
United States District Judge