UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cr-76-MOC-WCM

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| JOE LINDSEY TAYLOR, III, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before this Court on Defendant's motion for a reduced sentence under Amendment 821 to the United States Sentencing Guidelines and 18 U.S.C. § 3582(c)(2). (Doc. No. 70). Defendant is represented by Joshua Carpenter of the Federal Defenders of Western North Carolina, Inc. The Government has filed a response, agreeing that Defendant is eligible for a sentence reduction and consenting to a reduction in his sentence. (Doc. No. 75). For the following reasons, the Court will grant the motion and re-sentence Defendant to 63 months in prison.

I.  Background

In June of 2020, officers with the Asheville Police Department sought to arrest Defendant, a convicted felon, on multiple outstanding arrest warrants. (Doc. No. 48 ¶¶ 10–11). After they found Defendant and Defendant refused to defer to the officers' authority, a police officer took a fanny pack Defendant was carrying. (Id. ¶¶ 12–18). From the weight and shape of the object inside of the fanny pack, the officer was certain it contained a gun and removed a loaded semiautomatic Glock handgun equipped with an extended magazine. (Id. ¶¶ 19–22). Later at the jail, Defendant told his arresting officer that he had been "practicing his Second Amendment rights." (Id. ¶ 22). When Defendant possessed the firearm, he had previously been convicted of

1

drug-trafficking offenses for which he was sentenced to 8 to 19 months in prison, and a robbery offense for which he was sentenced to 29 to 44 months in prison. (Id. ¶¶ 43, 53). A federal grand jury indicted Defendant and charged him with possessing a firearm as a convicted felon, 18 U.S.C. § 922(g)(1). (Doc. No. 19). A jury convicted Defendant. (Doc. No. 40).

This Court's probation office submitted a presentence report and calculated a total offense level 24. (Doc. No. 48 ¶ 37). Defendant's criminal history garnered five criminal-history points related to his prior convictions. (Id. ¶ 54). The probation office also assessed Defendant two criminal-history points because he committed his offense while he was on probation. (Id. ¶ 55). The probation office concluded that the Sentencing Guidelines advised a sentence of between 77 and 96 months in prison based on a total offense level of 24 and a criminal-history category of IV. (Id. ¶ 76). This Court sentenced Defendant to a downward-variance term of 65 months in prison at the bottom of the guideline range, 84% of the bottom of the guideline range. (Doc. No. 51 at 2; Doc. No. 71 at 1).

During his time in the Bureau of Prisons, Defendant has not received any disciplinary citations. (Doc. No. 71 at 2). Defendant has also completed six educational courses, including drug education. (Id.). Defendant now asks this Court to reduce his sentence to 63 months based on Amendment 821 to the Sentencing Guidelines.

**II.   Legal Standard**

Amendment 821 to the Sentencing Guidelines made two changes to chapter 4 of the Sentencing Guidelines related to a defendant's criminal history. See U.S.S.G. amend. 821. The Sentencing Commission has made Part A and Part B, Subpart 1, of Amendment 821 retroactively applicable, authorizing eligible defendants to seek a discretionary sentence reduction under 18 U.S.C. § 3582(c)(2). U.S.S.G. amend. 825; see U.S.S.G. § 1B1.10(d).

Part A of the amendment alters Sentencing Guidelines § 4A1.1 to strike the two status points previously assessed under § 4A1.1(d) for defendants who committed their offense while under any criminal-justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status. <u>Id.</u> pt. A. Part A adds a new subsection (e) that adds one criminal-history point for any defendant who receives 7 or more points and who committed his offense while under any criminal-justice sentence as described above. <u>Id.</u>

For defendants who meet the requirements of Amendment 821, Sentencing Guidelines § 1B1.10 governs eligibility for a sentence reduction. Section 1B1.10(a)(1) authorizes a district court generally to reduce a defendant's sentence in any case in which a defendant is serving a term of imprisonment and the guideline range applicable to the defendant "has subsequently been lowered as a result" of a retroactively applicable amendment to the Guidelines." A defendant is not eligible for a sentence reduction if the retroactively applicable amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B).

A court is limited to a reduction to the bottom of the amended guideline range, after calculating the range that would have applied had the guideline amendment been in effect when the defendant was sentenced. <u>Id.</u> § 1B1.10(b)(2). In calculating the amended range, "the court shall substitute only" the retroactively applicable guideline amendment and "leave all other guideline application decisions unaffected." <u>Id.</u> § 1B1.10(b)(1). If the defendant received a sentence below the applicable guideline range based on a motion filed by the United States for substantial assistance, the court may reduce the defendant's sentence to a term "comparably less than the amended guideline range." <u>Id.</u> § 1B1.10(b)(2)(B). Under no circumstances shall a defendant's sentence be reduced to a term less than the term he has already served. <u>Id.</u> §

3

1B1.10(b)(2)(C).

### III.     Analysis

Defendant is eligible for a reduction in his sentence. As he asserts in his motion, Defendant received two criminal-history points because he committed his drug-trafficking offense while he was on probation — a criminal-justice sentence. Under Amendment 821, he would not receive those criminal-history points because he received fewer than seven criminal-history points related to his prior convictions. Without those two criminal-history points, Defendant's criminal-history category would be reduced from category IV to category III. See U.S.S.G. ch. 5, part A. And his guideline range, based on a total offense level of 24 and a criminal-history category of III, would be reduced to 63 to 78 months in prison.

Defendant has performed well in prison, avoiding disciplinary infractions and participating in programming. Additionally, while Defendant's offense conduct was dangerous, it did not involve violence. Considering the sentencing objectives described in 18 U.S.C. § 3553(a), a reduction in Defendant's sentence is consistent with the purposes of sentencing. For the reasons stated herein, The Court reduces Defendant's sentence to 63 months in prison.

### ORDER

**(1) IT IS, THEREFORE, ORDERED** that Defendant's Motion for a Reduced Sentence (Doc. No. 70) is **GRANTED**.

**(2)** The Court sentences Defendant to 63 months in prison.



Max O. Cogburn Jr
United States District Judge